UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60965-DIMITROULEAS/STRAUSS

INADIEU LEGISTE,

    Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION
OF SOUTH BROWARD,
*d/b/a Westside Regional Medical Center*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court *sua sponte*. Plaintiff initiated this civil action by filing a complaint, *pro se*, on April 28, 2022, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. [DE 1-1]. Defendant removed the case to this Court on May 20, 2022. [DE 1]. Upon removal, this Court entered an Order of Instructions to Pro Se Litigant. [DE 4]. That order advised Plaintiff, among other things, that he must comply with all Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida and that he bears responsibility for actively pursuing his case and complying with all court orders. [DE 4]. That order further warned that a failure to fulfill these responsibilities "may result in dismissal of the case." *Id.* at 2.

On June 29, 2022, Defendant filed a motion seeking leave to file a unilateral Scheduling Report. [DE 11]. In the motion, Defendant advised the Court that the Plaintiff refused to discuss the Joint Scheduling Report until he had an attorney. *Id.* at 2. A day later, the District Court entered an Order to Show Cause ("the First Order") ordering Plaintiff to show cause by July 11,

1

2022 why Defendant's motion should not be granted. [DE 12]. The First Order also warned Plaintiff that "[f]uture failures to comply with court orders may result in dismissal of [his] case." *Id.* at 2. Plaintiff failed to respond to the First Order and the District Court granted Defendant's motion. [DE 13].

On July 26, 2022, Defendant filed a motion asking the Court to appoint the undersigned as mediator. [DE 19]. In that motion, Defendant represented that Plaintiff "has not meaningfully participated in this lawsuit since its inception" and "continues to be non-responsive to requests to confer with the Defendant on mandatory pretrial matters[.]" *Id*. at 1. The Court denied that motion but extended the time for the parties to confer regarding selection of a mediator. [DE 20]. On August 2, 2022, Defendant filed a Notice of Inability to Select a Mediator, which advised that "The Plaintiff has been nonresponsive to Defendant's attempts to confer on selecting a mediator" and detailed several conferral communications to which Plaintiff had failed to respond. [DE 21].

On September 14, 2022, I entered an Order to Show Cause ("the Second Order") in light of Plaintiff's failure to respond to Defendant's First Request for Production of Documents and First Interrogatories and his failure to attend a duly noticed Discovery Hearing on September 14, 2022. [DE 27]. In the Second Order, I ordered Plaintiff to show cause by September 21, 2022 why he had not responded to Defendant's discovery requests and why sanctions should not be imposed for his failure to appear at the Discovery Hearing. *Id.* at 2. The Second Order warned Plaintiff that if he failed to respond, he may be subject to sanctions "including, potentially, a recommendation that the Court dismiss this case." *Id.* Defendant served a copy of the Second Order on Plaintiff electronically and via FedEx on September 15, 2022, and filed a certificate of service. [DE 28]. Despite this notice, Plaintiff failed to respond to the Second Order.

On September 27, 2022, I entered another Order to Show Cause ("the Third Order") in

light of Plaintiff's failure to respond to the Second Order. [DE 29]. In the Third Order, I ordered Plaintiff to show cause by October 4, 2022 why he had not responded to the Second Order. *Id.* at 1-2. The Third Order warned Plaintiff that his failure to respond would "result in the imposition of sanctions including, but not limited to, a recommendation that the Court dismiss this case." *Id.* at 2. Defendant served a copy of the Second Order on Plaintiff electronically and via FedEx on September 28, 2022 and filed a certificate of service. [DE 30]. Plaintiff has failed to respond to the Third Order.

In sum, Plaintiff has failed to fulfill his responsibility to prosecute his case and to comply with the Federal Rules of Civil Procedure, this Court's local rules, and multiple Court orders. He has failed to confer with Defendant, failed to produce discovery, failed to appear for a hearing, and failed to respond to multiple Court orders directing him to explain these failures, all despite repeated warnings that his case could be dismissed. In light of the foregoing, I find that dismissal of Plaintiff's case is warranted.

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED without prejudice**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d

790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

    **DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 6th day of October 2022.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge